**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETR KRZYZANEK, | No. 10-71792 |
| Petitioner, | Agency No. A079-522-227 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2013
Pasadena, California

Before: KOZINSKI, Chief Judge, WARDLAW and GOULD, Circuit Judges.

Petr Krzyzanek petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his

application for withholding of removal under the special rule for battered spouses,

8 U.S.C. §1229b(c)(2). We deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The BIA did not base its decision on a lack of corroborating evidence, but rather credited Krzyzanek's testimony and concluded that the incidents he described were not "battery or extreme cruelty." The record does not compel a finding that Yoon battered Krzyzanek because substantial evidence supports the BIA's conclusion that Yoon was not responsible for the incident in which her friend hit Krzyzanek, and the record is ambiguous as to whether Yoon attempted to throw a can at Krzyzanek during an argument. *See* 8 C.F.R. § 204.2(c)(1)(vi).

Nor does the record compel a finding that Yoon subjected Krzyzanek to extreme cruelty. The BIA acknowledged that "physical attacks" are not a prerequisite to a finding of extreme cruelty, and concluded that Yoon's "verbal cruelty" and "financial abuse" nonetheless did not rise to the requisite level. Yoon insulted and cursed at Krzyanek, left home for days at a time, dumped trash on the floor during an argument, threatened that something bad would happen if Krzyzanek did not purchase a car from her friend, and ran up large cell phone bills. Taken together, these incidents do not compel a finding that Yoon's behavior was "part of an overall pattern of violence," 8 C.F.R. § 204.2(c)(1)(vi), or that she employed "tactics of control . . . intertwined with the threat of harm in order to maintain [her] dominance through fear." *Hernandez v. Ashcroft*, 345 F.3d 824, 840 (9th Cir. 2003) (internal quotation omitted).

Finally, the BIA did not violate the "lowest common denominator" principle from *Clark v. Martinez*, 543 U.S. 371 (2005). In *Clark*, the Supreme Court used the language of "the lowest common denominator" to describe the canon of constitutional avoidance that when choosing between two possible interpretations of an ambiguous statute, "[i]f one of them would raise a multitude of constitutional problems, the other should prevail– whether or not those constitutional problems pertain to the particular litigant before the court." *Id.* at 380-81. Here, the BIA's interpretation of 8 U.S.C. §1229b(c)(2) does not create "constitutional problems." Its reasoning was factually specific, and nothing in the record suggests that its decision turned on Krzyzanek's gender.

**PETITION FOR REVIEW DENIED.**